UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONALD OLSON & CINDY OLSON, Husband & Wife,<br><br>    Plaintiffs<br>   v.<br><br>CHAMPAIGN COUNTY, ILLINOIS, an Illinois Local Governmental Entity,  DAN WALSH, Sheriff of Champaign County in His Individual & Official Capacities, DAVID SHERRICK, Detective of Champaign County Sheriff's Department, in His Individual Capacity TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity,VERMILLION COUNTY, ILLINOIS, a Local Governmental Entity; PATRICK HARTSHON, Sheriff of Vermillion County, in His Individual & Official Capacities, JERRY DAVIS, Deputy  Sheriff of Vermillion County, Illinois in His Individual Capacity<br><br>    Defendants | Case No. 11-2147<br><br>Judge Harold A. Baker<br>Magistrate Judge David G. Bernthal<br><br>**JURY DEMAND** |

## SECOND AMENDED COMPLAINT

Now come the Plaintiffs, Ronald Olson & Cindy Olson, Husband & Wife, et al by Richard L. Steagall, their attorney, and complaining of the Defendants, Champaign County, Illinois, an Illinois Local Governmental Entity,  Dan Walsh, Sheriff of Champaign County in His Individual & Official Capacities, David Sherrick, Detective of Champaign County Sheriff's Department, in His Individual  Capacity Tony Shaw,

1

Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, Vermillion County, Illinois, a Local Governmental Entity; Patrick Hartshon, Sheriff of Vermillion County, in His Individual & Official Capacities, Jerry Davis, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity, and for their claims state:

## I.
## Jurisdiction & Venue

1. Jurisdiction for the claims of the Civil Rights Act of 1871, 42 U.S.C. § 1983, is founded under 28 U.S.C. § 1343 (a)(4). Supplemental jurisdiction exists to hear the state claims is founded under 28 U.S.C. § 1367 (a).

2. The occurrences complained of happened on **June 11, 2009** in Champaign County, Illinois and June 4, 2009 and **September 7, 2010** in Vermillion County, Illinois. Venue exists under 28 U.S.C. § 1391.

## II.
## The Parties

3. Plaintiffs, Ronald Olson & Cindy Olson, Husband & Wife, are aged 64 and 61 years old residing at County Road 2600 East, St. Joseph, Champaign County, Illinois 61873.

5. Champaign County, Illinois, an Illinois local governmental entity, is joined as necessary party under Fed.R.Civ.Proc. 19 because it is obligated to pay any settlement or judgment against the Sheriff or Sheriff's Deputy for conduct in the scope of employment. 765 ILCS 10/9-102 (2008). *Carver v. Sheriff of LaSalle County, Illinois*, 324

F.3d 947 (7th Cir. 2003).

6. Dan Walsh, was the Sheriff of Champaign County, Illinois who is responsible for law enforcement in the County. He is joined as defendant for respondeat superior liability on the state common law claims asserted. He is sued in His Individual & Official Capacities,

7. David Sherrick, Detective of Champaign Sheriff, was acting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

8. Tony Shaw, Detective of Champaign Sheriff was acting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

10. Tony Shaw, Deputy Champaign County Sheriff was acting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

11. Vermillion County, Illinois, an Illinois local governmental entity, is joined as necessary party under Fed.R.Civ.Proc. 19 because it is obligated to pay any settlement or judgment against the Sheriff or Sheriff's Deputy for conduct in the scope of their employment. 765 ILCS 10/9-102 (2008). *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947 (7th Cir. 2003).

12. Patrick Hartshon, Sheriff of Vermillion County, was the Sheriff of Champaign County, Illinois who is responsible for law enforcement in the County. He is joined as defendant for respondeat superior liability on the state common law claims asserted. He is sued in His Individual & Official Capacities,

13.     Jerry Davis, Deputy Sheriff of Vermillion County wasacting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

## III.
## The Incidents

**A.     Ron Olson Arrest and Prosecution in Champaign County, Illinois**

14.     Ron Olson and Cindy Olson had retired from the business of operating mobile home parks in Illinois, Texas, and Florida for over 30 years residing in a house just outside Royal, Illinois. Despite its proximity to Royal, the Olson residence has a St. Joseph address.

15.     Ron Olson and Cindy Olson had bought and sold mobile homes and various other goods for use in the mobile homes they operated.  In retirement, the Olsons continued to attend sales, flea markets, auctions, and yard sales in Illinois, Michigan, and Kentucky as a hobby. Cindy would purchase crystal and Ron would purchase sundry items for use around the house and buildings.

15.     In October, 2008, an eight foot deteriorated trailer was among a number of items of junked machinery that the neighbor, Vilven Tire Company, had placed on the Olson property next to a hedge on the property line. Among those items was an eight foot trailer in deteriorated condition without lights or a license plate located on the Olson property. Ron Olson concluded it was abandoned, painted the trailer, placed brackets and anchor boards on it and left the trailer on the Royal property in view of the road.

16.     Ron Olson already had a trailer he used around his house and buildings.

He repaired the abandoned trailer to give it to his son-in-law and daughter, Brent Vinson and Brandy Vinson for use around their house and buildings. Ron Olson left the trailer on the lot between the house and buildings at the Royal residence. It was visible from the roadway.

17. Three days after Ron Olson completed repairs of the trailer abandoned by Vilven Tire Company on his was missing. The Olsons did not care if someone took it so no police report was made.

18. On October 23, 2008, Officer Sherrick checked a black trailer with a flat tire abandoned in a ditch on a country road near Ogden. Officer Sherrick and Investigator Roelfs met at the scene of the trailer, took fingerprint samples from the trailer.

19. Sherrick's police report stated Christopher Buhr had reported on October 6, 2008 that a red trailer had been stolen; the abandoned trailer was black. There was no objective basis to conclude the trailer Officer Sherrick found abandoned on October 23, 2008 was the trailer Ron Olson found, repaired on his property, and then taken by some unknown person three days later.

20. Sherrick's police report of the October 23, 2008 discovery of the abandoned trailer stated there were tire marks that looked as if a riding mower had been transported on the trailer and there were bean stalks on the tire and rims of the trailer which Sherrick concluded had been driven through a field with lawn mowers reported stolen from Marie Buhr's farm property. There was no objective basis for this conclusion based on the condition of the trailer.

21. Investigator Roelfs of the Champaign County Sheriff's Department took the latent fingerprints obtained from the trailer on October 23, 2008, searched 20,00 fingerprints of record, and stated in a December 4, 2008 report that no match for the fingerprints were found.

22. On June 3, 2009, Officer Sherrick applied for and received search warrants for DNA and fingerprints from Ron Olson and his residence premises to obtain facts and evidence to support Sherrick's suspicion that Ron Olson had stolen the red trailer reported stolen by Christopher Buhr and the lawn mowers reported stolen from Marie Buhr.

23. A complete search of the Olson Royal residence was performed by Officers Sherrick and Shaw. Fingerprints and DNA samples were taken from Ron Olson pursuant to the search warrant.

24. The June 9, 2009 Laboratory Report of the Illinois State Police found no match of the DNA or fingerprints taken from Ron Olson to that abandoned trailer nor was there any match to any building owned or occupied by Marie Burr or her son Duane Burr, or her grandson, Christopher Burr.

25. The search of the Olson residence, fingerprints and DNA samples taken from Ron Olson, and the facts obtained in the investigation of Officer Sherrick and Shaw indicated nothing that a reasonable police officer would believe connected Ron Olson to the trailer found on October 23, 2008, Christopher Burr or Marie Burr, the premises occupied by them and or that Ron Olson could be a suspect in the theft of the

trailer reported by Christopher Burr or the theft of Marie Burr's lawn mowers that had been reported.

26.   Despite the lack of any forensic evidence and the statement of any witness connecting Ron Olson in anyway to the Buhrs, their trailer, their property or any other matter that would lead a reasonable police officer to believe there was probable cause to believe Ron Olson had committed a crime , Officers Sherrick and Shaw falsely informed Assistant State's Attorney Steven Ziegler should be arrested and charged for a crime involving the property of Marie Buhr.

27.   Ziegler had no first hand knowledge of any of the matters relating to Ron Olson or the purported thefts of trailer and lawn mowers from the Buhrs and relied entirely on Officers Sherrick and Shaw in filing a criminal information with the Circuit Court of Champaign County, Illinois charging Ronald Olson with burglary of a building owned by Marie Buhr, Class 4 Felony by Information filed on June 11 2009 in the Circuit Court of Champaign County, Illinois. Ziegler verified the information as true as a witness based on the matters provided by Officers Sherrick and Shaw.

28.   Officers Sherrick and Shaw provided false statements of probable cause for charges and the arrest of Ron Olson to Assistant State's Attorney Steven Ziegler resulted in his filing the information which required the arrest of Ron Olson.

29.   On September 21, 2010, the Circuit Court of Champaign County, Illinois entered an Order dismissing the criminal action against Ron Olson on motion of the State's Attorney and closed the case.

B.     **Arrest and Prosecution of Ron Olson in Vermillion County, Illinois**

30.    Officer Jerry Davis of the Vermillion County Sheriff's Department conducted a further investigation of Ron Olson as a suspect in the theft of lawn mowers from Gene Frerichs and David J. Huls who are residents of rural Vermillion County, Illinois.

31.    There was no forensic evidence, no witness statement, or any other matter known to Officer Jerry Davis from his investigation of Ron Olson as a suspect in the theft of lawn mowers which a reasonable police officer to conclude Ron Olson had any connection with the lawn mowers or Gene Frerichs and David J. Huls much less anything that would lead a reasonable police officer to conclude there was probable cause to believe Ron Olson had committed theft of lawn mowers of Gene Frerichs and David J. Huls.

32.    Despite the absence of probable cause to believe Ron Olson committed any crime, Officer Jerry Davis falsely informed the State's Attorney of Vermillion County, Illinois that Ron Olson should be charged with theft of the lawn mowers of Gene Frerichs and David J. Huls.

33.    Assistant State's Attorney Charles Mockbee had no first hand knowledge of Ron Olson or the theft of lawn mowers of Gene Frerichs and David J. Huls and relied on Officer Jerry Davis for the determination of whether an arrest and charges should be made.

34.    Assistant State's Attorney Charles Mockbee filed an information filed on

August 31, 2010 with the Circuit Court of Vermillion County, Illinois charging Ronald Olson with theft of a John Deere law mower and John Deere gator exceeding the amount of $300 from Gene Frerichs and theft of 2007 X Mark front mower from David J. Huls with a value over $300. The information was verified as true by Charles D. Mockbee, Assistant State's Attorney, as a witness based on what Officer Jerry Davis had provided.

35. Ronald Olson was arrested on September 7, 2010 on the information, posted bail. The case remains pending. The Circuit Court of Vermillion County, Illinois removed the bail and restrictions on Ron Olson releasing him on his own recognizance at a March, 2012 proceeding.

## IV.
## Plaintiffs' Claims

**A.     Constitutional Provision and Statute Involved**

36,     At all times material, there was in full force and effect in the United States, the following constitutional provision and statute.

**Constitution of the United States**

**Amendment IV. Search and Seizure**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**Civil Rights Act of 1871, 42 U.S.C. § 1983**

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

**B.    Federal Claims**

    **1.    Ron Olson – Champaign County Arrest & Criminal Charges**

36.    As specifically alleged in Part III A ¶ 14-29, Ron Olson has been intentionally deprived of his Fourth Amendment right to be free from unreasonable searches and seizures in the June 11, 2011 arrest without probable cause Detective Sherrick and Officer Shaw obtained in the Criminal Information with the felony offense of burglary, filed by Assistant State's Attorney Ziegler.

37.    Champaign County, Illinois is the local governmental entity responsible for payment of damages for deprivation of civil rights of the Sheriff and Sheriff's Deputies in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

    **2.    Ron Olson – Vermillion County Arrest and Criminal Charges**

38.    Ron Olson has been intentionally deprived of his Fourth Amendment right to be free from unreasonable searches and seizures in the September 7, 2010 arrest without probable cause to believe Ron Olson committed any crime obtained by Officer Jerry Davis of the Vermillion County Sheriff's Department in the Criminal Information filed by Assistant State's Attorney Mockbee as set forth in Part III B ¶30-35.

39. Vermillion County, Illinois is the local governmental entity responsible for payment of damages for deprivation of civil rights of the Sheriff and Sheriff's Deputies in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act.

**C.    State Claims**

**1.    Champaign County Arrest & Charges**

40. The conduct of Detective Sherrick and Officer Shaw specifically alleged in Part III A ¶ 14-29 in obtaining the arrest and criminal charges in the Criminal Information with the felony offense of burglary, filed by Assistant State's Attorney Ziegler is common law false arrest for which Detective Sherrick and Officer Shaw are liable.

41. The conduct of Detective Sherrick and Officer Shaw specifically alleged in Part III A in obtaining the arrest and criminal charges in the Criminal Information with the felony offense of burglary, filed by Assistant State's Attorney Ziegler is common law malicious prosecution for which Detective Sherrick and Officer Shaw are liable.

42. Detective Sherrick and Officer Shaw were acting in the scope of their employment for Champaign County, Illinois Sheriff Walsh. Sheriff Walsh is liable for the false arrest and malicious prosecution committed by Sherrick and Shaw under common law respondeat superior.

43. Champaign County, Illinois is the local governmental entity responsible for payment of damages for the torts of the Sheriff and Sheriff's Deputies in the scope of

their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

### 2. Vermillion County Arrest and Criminal Charges

44.     The conduct of Officer Davis specifically alleged in Part III B ¶ 30-35 in obtaining the arrest and criminal charges in the Criminal Information for the felony charges of theft, filed by Assistant State's Attorney Mockbee is common law false arrest for which Detective Sherrick and Officer Shaw are liable.

45.     Officer Shaw was acting in the scope of their employment for Vermillion County, Illinois Sheriff Hartshorn. Sheriff Hartshorn is liable for the false arrest committed by Officer Davis under common law respondeat superior.

46.     Vermillion County, Illinois is the local governmental entity responsible for payment of damages for the torts of the Sheriff and Sheriff's Deputies in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

## V.
## Relief Sought

47.     As a direct and proximate result of the deprivations of his Fourth Amendment and common law false arrest and malicious prosecution of Detective Sherrick and Officer Shaw, Ron Olson has been deprived of his liberty from June 11, 2009 the dismissal of the charges and case by the State's Attorney of Champaign County and Order of Court on September 11, 2010; suffered mental anguish with pain and suffering; has incurred the sum of $20,000 in obtaining counsel to defend the

Champaign County, Illinois criminal case, and has been also confined to the State of Illinois because of the bond limitations from the time of his June 11, 2009 arrest until the September 21, 2010 dismissal of the criminal case by the Champaign County, Illinois State's Attorney and release of Ron Olson from his bond on the charges pending.

48.   As a direct and proximate result of the deprivation of the Fourth Amendment rights and common law false arrest and malicious prosecution of her spouse Ron Olson and the bond restrictions limiting Ron Olson to the State of Illinois in force from the date of his June 11, 2009 arrest until the dismissal of the charges and case by the State's Attorney of Champaign County and Order of Court on September 11, 2010, Cindy Olson has been confined to the State of Illinois as well because she did not want to travel outside the State, which the Olsons had regularly done to Indiana, Michigan, and Kentucky prior to Olson's arrest without the companionship of her spouse, Ron Olson which caused her to suffer mental anguish.  Cindy Olson brings this action for the damages she has suffered as the spouse of Ron Olson and not for any direct violation of her own rights.

49.   The conduct of the defendants, Detective Shaw, Officer Sherrick, and Officer Davis is such that for the purposes of punishment and by way of example, Ron Olson and Cindy Olson, are entitled to an award of punitive damages.

50.   Ron Olson and Cindy Olson have and will incur attorney's fees and expenses in the prosecution of this action for which they are entitled to recovery as prevailing plaintiffs under 42 U.S.C. § 1988.

# VI.
# Prayer for Relief

**WHEREFORE**, the Plaintiffs pray for judgment as follows:

1. In favor of Plaintiff, RONALD OLSON, and against the Defendants, CHAMPAIGN COUNTY, ILLINOIS, an Illinois Local Governmental Entity, DAN WALSH, Sheriff of Champaign County in His Individual & Official Capacities, DAVID SHERRICK, Detective of Champaign County, Sheriff's Department, in His Individual Capacity, TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, STEVE ZIEGLER, Assistant State's Attorney of Champaign County, Illinois, VERMILLION COUNTY, ILLINOIS, an Illinois Local Governmental Entity, PATRICK HARTSHON, Sheriff of Vermillion County, and JERRY DAVIS, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity, in the amount of ONE MILLION DOLLARS ($1,000,000).

2. In favor of Plaintiff, CINDY OLSON, and against the Defendants, CHAMPAIGN COUNTY, ILLINOIS, an Illinois Local Governmental Entity, DAN WALSH, Sheriff of Champaign County in His Individual & Official Capacities, DAVID SHERRICK, Detective of Champaign County, Sheriff's Department, in His Individual Capacity, TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, STEVE ZIEGLER, Assistant State's Attorney of Champaign County, Illinois, VERMILLION COUNTY, ILLINOIS, an Illinois Local Governmental Entity, PATRICK HARTSHON, Sheriff of Vermillion County, and JERRY DAVIS, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity, for compensatory damages in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000).

2. In favor of Plaintiffs, RON OLSON and CINDY OLSON and against Defendants, DAVID SHERRICK, Detective of Champaign County Sheriff's Department in His Individual Capacity, TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, and JERRY DAVIS, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity for punitive damages jointly and severally in the amount of FIFTY THOUSAND DOLLARS ($50,000).

3. An award of the reasonable attorney's fees and expenses incurred in bringing this action as prevailing plaintiff as a part of costs under 42 U.S.C. § 1988.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully submitted,

<u>s/ Richard L. Steagall</u>
RICHARD L. STEAGALL,
Attorney for the Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on **March 23, 2012**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Mr. Keith Eric Fruehling
Mr. Brian Michael Smith
Heyl Royster Voelker & Allen
PO Box 129
Urbana, IL 61801-0129
217-344-0060
Fax: 344-9295
kfruehling@heylroyster.com
bsmith@heylroyster.com

Michael W Condon
Ms. Zrinka Rukavina
Hervas Condon & Bersani PC
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
630-860-4342
Fax: 630-773-4851
mcondon@hcbattorneys.com
zrukavina@hcbattorneys.com

s/ Richard L. Steagall
RICHARD L. STEAGALL

RICHARD L. STEAGALL
RYAN S. McCRACKEN
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Building
Peoria, IL 61602-1115
309-674-6085
Fax 309-674-6032
nicsteag@mtco.com